UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 26, 2012

LETTER TO COUNSEL

   RE: Annette Cynthia Exum v. Michael J. Astrue, Commissioner of Social Security;
      Civil No. SAG-11-2073

Dear Counsel:

  This matter is before me by the parties' consent. (ECF Nos. 5, 7). On July 28, 2011, claimant Annette Cynthia Exum petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Exum's response to the Commissioner's motion. (ECF Nos. 15, 19, 22). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3). *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

  Ms. Exum filed her claim for benefits on August 13, 2008. (Tr. 19). The Appeals Council denied Ms. Exum's request for review (Tr. 1-3), so the November 16, 2009 decision of Administrative Law Judge Edward J. Banas ("the ALJ") is the final, reviewable decision of the agency.

  The ALJ found that Ms. Exum's mental impairment of depression rendered her eligible for disability benefits as of January 2, 2009. (Tr. 35-37). However, the ALJ determined that Ms. Exum had not been disabled, on the basis of either physical or mental impairments, prior to January 2, 2009. (Tr. 34-35).

  Ms. Exum claims that the ALJ erred in four ways. She argues that the ALJ failed to properly evaluate her fibromyalgia; that the ALJ did not afford appropriate weight to the opinion of her treating physician, Dr. Frank Falco; that the ALJ failed to properly evaluate her credibility; and that the ALJ did not properly consider all of her impairments in combination. Pl.'s Mot. at 18-25. For the reasons described below, I agree with Ms. Exum that the ALJ's opinion insufficiently explained why her fibromyalgia was deemed non-severe at Step Two, and insufficiently considered the opinion of Dr. Falco during the relevant time frame. Both of those deficiencies stem from an overreliance on the dates of various diagnoses or reports, rather than a

Case 1:11-cv-02073-SAG   Document 23   Filed 10/26/12   Page 2 of 4

*Annette Cynthia Exum v. Michael J. Astrue, Commissioner of Social Security*
Civil No. SAG-11-2073
October 26, 2012
Page 2

comprehensive assessment of Ms. Exum's symptoms over time. Because those deficiencies necessarily infect the remainder of the ALJ's analysis, I need not address Ms. Exum's other two arguments. The case will be remanded for further proceedings. In so holding, I express no opinion on whether the ALJ's ultimate determination that Ms. Exum was ineligible for disability benefits prior to January 2, 2009 was correct or incorrect.

1. **The ALJ's Step Two Analysis Of Ms. Exum's Fibromyalgia Was Deficient.**

On January 13, 2009, Dr. Alan Kwon diagnosed Ms. Exum with fibromyalgia. (Tr. 560). At that time, Dr. Kwon noted the following "chief complaint:"

> The patient has had pain affecting her spinal area for several years after a slip and fall accident. The pain has affected her all [sic] areas of her daily activities. She experienced back pain, headaches, upper extremity pain, spasms in her neck and intense throbbing head pain. The patient has undergone multiple evaluations for her pain and to date states that there have been no clear diagnoses provided to her.

(Tr. 560). It is clear, then, that Dr. Kwon's fibromyalgia diagnosis arose from her chronic and long-standing symptoms. The January 13, 2009 diagnosis date has no bearing on the date that any impairment from fibromyalgia may have affected Ms. Exum's ability to work.

In considering Ms. Exum's fibromyalgia at Step Two, the ALJ concluded:

> The undersigned concludes that the claimant's inflammatory arthropathy/fibromyalgia was not diagnosed until January 13, 2009, which is after the claimant was found disabled related to her depression (Exhibit B23F). Further, the claimant's inflammatory arthropathy/fibromyalgia has not met the 12 month durational requirement because it was not diagnosed until January 2009 (20 CFR 404.1509). The undersigned concludes that the claimant's inflammatory arthropathy/fibromyalgia is not a severe impairment.

(Tr. 27).

The 12 month duration requirement measures the length of the impairment, not the time from the diagnosis. 20 C.F.R. § 404.1509 ("Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least twelve months."). Ms. Exum's medical records, including Dr. Kwon's report, suggest evidence of impairment significantly pre-dating the date of diagnosis. In considering severity, then, the ALJ's reliance upon the date of diagnosis, and the failure to meet the durational requirement based solely on that date of diagnosis, was flawed.

The ALJ provided no further factual support for his determination that Ms. Exum's fibromyalgia was non-severe. Because severity is not a high bar, an analysis of the medical evidence is essential. *See Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984) ("An

*Annette Cynthia Exum v. Michael J. Astrue, Commissioner of Social Security*
Civil No. SAG-11-2073
October 26, 2012
Page 3

impairment can be considered 'not severe' only if it is a slight abnormality which has such a minimal effect on an individual that it would not be expected to interfere with the individual's ability to work.") (citation omitted). Without such analysis, this Court cannot determine whether the ALJ's Step Two determination was based on substantial evidence.

The Commissioner contends that, even if Ms. Exum's fibromyalgia should have been deemed severe, the error was harmless because the ALJ found other severe impairments and continued to consider the remaining steps. Def. Mot. at 23-24. However, in this case, the deficiency at Step Two infected the ALJ's analysis at the subsequent steps. The symptoms of fibromyalgia include more than just pain, and there is no evidence that the ALJ considered the totality of fibromyalgia symptoms in assessing Ms. Exum's residual functional capacity ("RFC"). *See* SSR 12-2p (listing fibromyalgia symptoms and related conditions including a history of widespread pain, fatigue, cognitive or memory problems, waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome).[1] Moreover, in his RFC analysis, the ALJ made reference to the fact that Ms. Exum's reports of pain exceeded the objective findings from medical testing. *See, e.g.,* (Tr. 30) ("Despite complaining about pain levels measuring 8 out of 10 beginning in January 2008, her imaging studies demonstrated mild findings"); *id*. ("[A] careful review of the record does not document sufficient objective medical evidence to substantiate the severity of the pain"). The ALJ did not consider the fact that fibromyalgia, as opposed to a credibility problem, might have explained any such discrepancy. The case therefore will be remanded for an adequate consideration and explanation of Ms. Exum's fibromyalgia at all steps of the process.

II.     **The ALJ Failed To Make A Substantive Assignment of Weight, During the Relevant Time Period, to the Opinion of Ms. Exum's Treating Physician, Dr. Frank Falco.**

The ALJ's formalistic reliance on the dates of medical reports also fatally infected his consideration of the opinion of Dr. Frank Falco, Ms. Exum's primary treating physician. Dr. Falco began treating Ms. Exum in 2006. (Tr. 447). He and his co-worker saw Ms. Exum regularly from 2006-2009. (Tr. 388-457, 517-56, 692-707). On April 28, 2009, Dr. Falco completed a "Residual Functional Capacity Evaluation," in which he opined that Ms. Exum would be physically incapable of full-time or part-time employment. (Tr. 571-73).

Because the ALJ determined that Ms. Exum's mental health condition rendered her disabled as of January 2, 2009, he divided his opinion into two sections: her condition before January 2, 2009, and her condition after January 2, 2009. (Tr. 29-38). The first section focused primarily on Ms. Exum's physical impairments, and the second section focused on her mental impairment after January 2, 2009. Although that organizational structure is not inherently problematic, the date of a particular medical report or opinion does not necessarily mean that it should *only* be considered as describing Ms. Exum's condition on that precise date. In the section of the opinion considering Ms. Exum's physical impairments pre-January 2, 2009, the

---

[1] Although SSR 12-2p was not in effect at the time the ALJ's opinion was issued, it derives its list of symptoms from established medical sources that were available to the ALJ when he considered this case.

*Annette Cynthia Exum v. Michael J. Astrue, Commissioner of Social Security*
Civil No. SAG-11-2073
October 26, 2012
Page 4

ALJ makes no reference to Dr. Falco's opinion, despite the fact that Dr. Falco treated Ms. Exum from 2006-2009. In particular, the ALJ does not make any express assignment of weight to Dr. Falco's opinion as it pertained to the pre-January 2, 2009 period. The failure to address Dr. Falco's opinion is especially troubling because a treating physician's opinion is given controlling weight, as long as it is well-supported by medically acceptable clinical laboratory diagnostic techniques and consistent with other substantial evidence in the record. *See Craig v. Chater*, 76 F.3d 585 (4th Cir.1996); *see also* 20 C.F.R. § 404.1527(d)(2).

Instead, because of the date on Dr. Falco's opinion form, the ALJ merely dismisses Dr. Falco's opinion in the section addressing Ms. Exum's condition post-January 2, 2009:

> The undersigned assigns little weight to Dr. Falco's opinion (Exhibit B24F). Dr. Falco's opinion was based upon the claimant's physical impairments, which have not provided a basis for disability as addressed above. Therefore, his opinion is not relevant as it was formed after January 2, 2009, the date the claimant was found to be disabled based upon her mental impairment.

(Tr. 38). The logical flaw in the ALJ's position is that Dr. Falco's opinion, as her primary treating physician since 2006, should have been considered while assessing Ms. Exum's "physical impairments." Although the date of Dr. Falco's opinion was April 28, 2009, he did not expressly restrict his opinion regarding Ms. Exum's physical condition to the period between January 2, 2009 and April 28, 2009. To fulfill his duty of explanation on remand, the ALJ should consider Dr. Falco's opinion as it pertains to an evaluation of Ms. Exum's physical condition during the period prior to January 2, 2009.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 15) and Defendant's motion for summary judgment (ECF No. 19) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge